UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RODNEY JACKSON, #160696, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:05-cv-19 |
| ) | |
| v. ) | Honorable Joseph G. Scoville |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | **MEMORANDUM OPINION** |
| Defendant. ) | |
| ) | |

      This is a social security action brought *pro se* pursuant to 42 U.S.C. §1383(c)(3) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claim for supplemental security income (SSI) benefits.  Plaintiff is currently an inmate at the Riverside Correctional Facility located in Ionia, Michigan.  Department of Corrections records show that plaintiff was convicted of armed robbery in 1982, delivery of cocaine in 1984, and a prison escape in 1985.  Plaintiff offered prison medical records dated between January 23, 1991 and January 30, 2002 in support of his disability claim.  (A.R. 110-26).  In early 2002, plaintiff was released on parole.  (A.R. 130).  Plaintiff returned to confinement in October 2002 (A.R. 184) and was released on parole in November.  On December 20, 2002, he filed the SSI application giving rise to this appeal.  (A.R. 48-51).  Plaintiff claimed disability on the basis of polysubstance addiction to drugs

and alcohol and mental stress.[1] His claim was denied upon initial review, and as a disability redesign prototype case, was not subject to administrative review at the reconsideration stage. (A.R. 23).

On July 21, 2004, plaintiff received a hearing before an administrative law judge (ALJ). (A.R. 162-89). On July 28, 2004, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 13-18). Plaintiff violated the terms of his parole, and was returned to prison confinement sometime after his appearance at the hearing, but before the Appeals Council issued its decision. The Appeals Council denied review on January 6, 2005 (A.R. 4-6), and the ALJ's decision became the Commissioner's final decision. On March 4, 2005, plaintiff filed his complaint from prison seeking review of the Commissioner's decision denying his SSI claim. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the parties voluntarily consented to have a United States magistrate judge conduct all further proceedings in this case, including entry of final judgment. (docket # 12).

Plaintiff's brief presents the statement of errors set forth verbatim below:

1. The substantial gainful activity has not been engaged since 1983, Judge states none substantial gainful activity since 2002. (Exhibit No. 1 Page A).

2. Plaintiff, was place on Prozac for depression, not just for Antisocial personality disorder, and Substance Abuse disorder. (Exhibit No. 1 Page A).

---

[1]Since 1996, the Social Security Act, as amended, has precluded awards of SSI and DIB benefits based upon alcoholism or drug addiction. *See* 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J); 20 C.F.R. §§ 404.1535, 416.935; *see also Hopkins v. Commissioner*, 96 F. App'x 393 (6th Cir. 2004); *Snead v. Barnhart*, 360 F.3d 834, 835 (8th Cir. 2004). The claimant bears the burden of demonstrating that alcohol addition is not a contributing factor to his disability. *See Brueggemann v. Barnhart*, 348 F.3d 689, 693 (8th Cir. 2003); *Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir. 1999); *see also Zarlengo v. Barnhart*, 96 F. App'x 987, 989 (6th Cir. 2004); *Siemon v. Commissioner*, 72 F. App'x 421, 422 (6th Cir. 2003). Because the ALJ found that plaintiff was not disabled at step-two of the sequential analysis, it was not necessary for the ALJ to make a determination whether plaintiff's alcohol and drug abuse was material to a finding of disability

3. Claimant impairments is "Severe" base on the number of years of none Substantial Gainful activity work history and "Significant" physical mental limitation. (Exhibit No. 2 Pages B-E).

4. Claimant has been under "Disability" as defined in the Social Security Act (20 C.F.R. § 416.920(c)), since 1983 due to none significant physical or mental work activities.

5. Commissioner states Claimant used wrong form for his complaint. Claimant used the form he was told to use by Hearing and Appeals Council. (Exhibit No. 3 pages F-H).

6. Commissioner states Claimant used wrong name. Claimant used name given in 2005, state Bar Journal who represent the commissioner in the County of Kalamazoo. (See, Bar Journal 2005).

7. Paragraph 5, is very clear in its statement of claim. (See, Page 6, of Complaint.)

8. Plaintiff is entitled to relief sought under Social Security Act, Section 1614(a)(3)(A), because of the severity of his Disability, None Substantial Gainful Activity, as in the finding of state expert Mr. David J. Holwerda. (Exhibit No. 5 J-K).

9. Depression is clear Due to the placing of Prozac by Doctor Robert Griffith Psy. D. (Exhibit No. 6 Page L).

(Plf. Brief at 1-2, Statement of Issues, docket # 13). Upon review, the court finds that plaintiff's arguments do not provide any basis for disturbing the Commissioner's decision, and the Commissioner's decision will be affirmed.

### Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997);

*Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston*, 245 F.3d at 534 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528; *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993); *Brainard v. Secretary of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

**Discussion**

The ALJ found that plaintiff had not engaged in substantial gainful activity since December 20, 2002. The ALJ found that the medical evidence established that plaintiff had impairments of antisocial personality disorder and substance addiction disorder. The ALJ found that plaintiff did not have any impairment that significantly limited his ability to perform work-related activities, and held that plaintiff was not disabled at step-two of the sequential analysis. (A.R. 13-18).

Plaintiff's argument that the ALJ should have found that he had not engaged in substantial gainful activity since 1983 is patently meritless. Plaintiff's earliest possible date of onset of disability was December 20, 2002. SSI benefits are not awarded retroactively for months prior to the application for benefits. 20 C.F.R. § 416.335; *see Brown v. Apfel*, 192 F.3d 492, 495 n.1 (5th Cir. 1999); *Torres v. Chater*, 125 F.3d 166, 171 n.1 (3d Cir. 1997); *Kepler v. Chater*, 68 F.3d 387, 389 (10th Cir. 1995); *see also Romero v. Barnhart*, 135 F. App'x 172, 174 (10th Cir. 2005); *Newsom v. Social Security Admin.*, 100 F. App'x 502, 504 (6th Cir. 2004).

Furthermore, the Social Security Act, as amended, provides that an inmate is ineligible to receive social security benefits for any months the individual is confined in a jail, prison or correctional facility. 42 U.S.C. § 402(x)(1)(A). A claimant who is in violation of a condition of probation or parole imposed under Federal or State law is also ineligible. 42 U.S.C. § 402(x)(1)(A)(v). The medical records dated after plaintiff's release on parole submitted in support of his disability claim establish that plaintiff was not eligible under these provisions to receive SSI benefits. Plaintiff was paroled on or about January 30, 2002. On March 7, 2002, plaintiff's physicians made the following notation: "The patient has a longstanding history of excessive

drinking. He prefers to drink gin and beer. He is currently drinking at least one and one half pints of gin and more than 12 beers per week. His last drink was 5:00 this morning; that was the last drink of his all night binge." (A.R. 130). On March 21, 2002, doctors recorded that plaintiff's alcohol consumption was "6 - 8 beers a day plus a pint of whisky" and that he was "ambivalent" about his drug treatment program. (A.R. 129). On February 4, 2003, plaintiff related to Psychiatrist Robert L. Griffith that he used marijuana, cocaine and alcohol. Plaintiff stated that he would binge on drugs and alcohol for three days, then sleep. (A.R. 136). Plaintiff reported "hang[ing] out with others who 'drink and drug.'" (A.R. 137). Psychiatrist Griffith found that plaintiff's extreme variability in sleep was likely related to his drug and alcohol abuse. (A.R. 137). Plaintiff offered the following testimony at the July 21, 2004 hearing regarding continued abuse of alcohol and illegal drugs:

> Q  Let's talk about alcohol and drugs. Are you currently using alcohol?
>
> A.  Yes.
>
> Q  And how often do you drink?
>
> A  Now she don't let me drink at her house, so I'd say about three days out of the week now.
>
> Q  And when you drink, how much do you drink?
>
> A  I just get some beer and a little gin, so I don't know.
>
> Q  How much?
>
> A  Like maybe a [INAUDIBLE].
>
> Q  And how much gin?
>
> A  Maybe a pint or a half a pint.
>
> Q  And do you drink it all in that sitting when you get --
>
> A  Yes.

\* \* \*

Q     Do you use other illegal drugs or substances?

A     I have tried cocaine.

Q     Are you still using it?

A     No, sir. They -- I -- they did something to it. They call it -- it ain't the same. They crackulate or something. I don't know. But we usually just had a powder, and now they smoke it or something.

Q     So that's not something you do?

A     No.

Q     How long have you stopped using drugs?

A     I guess -- they say -- well, I still smoke weed, marijuana. I don't know, let's see. This is 2004. I think I got almost three years of without cocaine.

Q     Three years. You say you still smoke marijuana, though?

A     Yeah.

Q     Yeah. About on how frequent basis is that?

A     Maybe once or twice a week.

(A.R. 182-83).[2]

Plaintiff argues that the ALJ should have found that his depression constituted a severe impairment. Plaintiff offered testimony that a physician had provided him with Prozac (A.R. 170), but no supporting medical records, much less records indicating any persistent medical need for treatment of depression. The record shows that on February 4, 2003, plaintiff advised Psychiatrist Griffith that he had never had any form of psychiatric intervention and that he was not

---

[2] At the hearing, plaintiff testified that his only physical problem that had required medical attention was treatment for a foot fungus. (A.R. 173-74; *see* A.R. 128).

taking any form of medication. (A.R. 136). Depression was not included in Psychiatrist Griffith's diagnosis. (A.R. 138). Plaintiff indicated that he wanted to take antidepressants (*id.*), and testified that he considered his drug and alcohol abuse as forms of self-medication. (A.R. 188). A severe impairment is "an impairment or combination of impairments which significantly limits physical or mental ability to do basic work activities." *Abbott v. Sullivan*, 905 F.2d at 923. Although severity is a *de minimis* hurdle in the disability determination process, on this record, the ALJ's step-two determination that plaintiff's depression was not severe is supported by substantial evidence.[3] *See Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988); *Murphy v. Secretary of Health & Human Servs.*, 801 F.2d 182, 185 (6th Cir. 1988); *Salmi v. Secretary of Health & Human Servs.*, 744 F.2d 685, 690-92 (6th Cir. 1985); *Farris v. Secretary of Health & Human Servs.*, 773 F.2d 85, 89-90 (6th Cir. 1985).

    Plaintiff's arguments regarding use of the wrong complaint form and naming the wrong defendant do not provide any basis for disturbing the Commissioner's decision. The arguments are directed to defendant's answer,[4] not the Commissioner's decision denying SSI benefits. Plaintiff's arguments with regard to vocational expert testimony require no discussion other than noting that the ALJ never relied on vocational expert testimony, because the ALJ found that plaintiff was not to be disabled at step-two of the sequential analysis. *See Howard v.*

---

[3]Although the record suggests that plaintiff's drug and alcohol abuse may have exceeded the level necessary to be considered severe impairments, any error in this regard by the ALJ must be deemed harmless, because drug and alcohol abuse would necessarily have been material to a finding of disability, thus precluding any award of SSI benefits under 42 U.S.C. § 1382c(a)(3)(J).

[4]Defendant's answer observed that plaintiff filed his complaint on the form provided for prisoner civil rights actions under 42 U.S.C. § 1983, and that Ms. Jo Anne Barnhart is the Commissioner of Social Security, not William Decker. (docket # 8, ¶¶ 1, 2). These observations, although correct, are immaterial to the outcome of this case.

*Commissioner*, 276 F.3d 235, 238 (6th Cir. 2002).  Finally, plaintiff's argument that he must be considered disabled within the meaning of the Social Security Act because he has not worked since approximately the date of his armed robbery conviction is patently frivolous.

## Conclusion

For the reasons set forth herein, the Commissioner's decision be affirmed.


Dated:   January 23, 2006             /s/  Joseph G. Scoville
                                      United States Magistrate Judge